

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 11, 1949.

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas          Opinion No. V-843.

Re: The eligibility of counties
to receive the statutory
State apportionment toward
the compensation of a "county
attorney performing the duties
of district attorney" when a
judicial district is created
without providing a district
attorney.

Dear Sir:

Your request for an opinion is as follows:

"Senate Bill No. 448 passed by the 51st
Legislature abolishes the office of District
Attorney in the 7th District and prescribes,
'. . . and the County Attorney of each County
composing said district shall represent the
State of Texas in all matters wherein the
State of Texas is a party, in his respective
County, and shall receive such fees and com-
pensation for his services as is provided by
the General Laws of the State of Texas.'

"Senate Bill No. 449 passed by the 51st
Legislature creates the 115th Judicial Dis-
trict to be composed of Upshur and Wood Coun-
ties, which counties were detached from the
7th Judicial District (composed of Smith Coun-
ty). Senate Bill No. 449 neither provides
for a District Attorney nor for the County
Attorney to perform the duties of a District
Attorney in his respective county.

"This Department requests the answers as
to whether the County Attorney is to perform
the duties of the District Attorney in the
counties of Smith, Upshur and Wood Counties

Hon. Robert S. Calvert, page 2 (V-843)

on and subsequent to May 10, 1949, thus making those counties eligible for the apportionment under Article 3912e, Section 13, Subsection (b). If these counties are eligible for the apportionment would it be proper to pay them out of Item 11, $146,429.-00, appropriated by H. B. No. 244, page 645, General and Special Laws of the 50th Legislature, for the period May 10, 1949, to August 31, 1949, inclusive?"

A county attorney is required to perform the duties of district attorney in a county where there is no district attorney or resident criminal district attorney. Article V, Section 21, of the Constitution of Texas. In such instances the Comptroller is required by Subsection (b) of Section 13 and Subsection (a) of Section 15 of Article 3912e, V.C.S., to make an apportionment to each county in accordance with the formula prescribed therein. Item 11 of the appropriations made to the Comptroller for the current fiscal year (H. B. 244, Acts 50th Leg., 1947, ch. 338, p. 645) is to pay all those counties which come within the classifications of Subsection (b) of Section 13 and Subsection (a) of Section 15. Attorney General's Opinion No. V-762.

Subsection (b) of Section 13 of Article 3912e, as amended by S. B. 6, Acts 51st Legislature, (effective March 25, 1949) provides:

"The compensation of a criminal district attorney or county attorney performing the duties of district attorney, together with the compensation of his assistants, shall be paid out of the County Officers' Salary Fund, but the State shall pay into such fund each year an amount equal to a sum which bears the same proportion to the total salary of such criminal district attorney or county attorney performing the duties of a district attorney, together with the salary of his assistants, as all felony fees collected by such official during the year of 1935 bear to the total fees collected by such official during such year.

"In all counties having a county attorney or a criminal district attorney performing the duties of district attorney, and in

which counties there were no felony fees col-
lected from the State in 1935 by the office
of county attorney or criminal district attor-
ney in such county, the State shall pay into
the County Officers' Salary Fund each year an
amount equal to forty-eight and three-fourths
(48-3/4%) percent of the total salary paid
each year to such county attorney or criminal
district attorney, together with the salary
of his assistants."

Senate Bill 448, Acts of the 51st Legislature
(effective May 10, 1949) abolished the office of Dis-
trict Attorney in the 7th Judicial District of Texas
(then composed of the counties of Smith, Wood, and
Upshur) and provided that the county attorney in each
of those counties shall perform the duties of District
Attorney. S. B. 449, Acts of the 51st Legislature
(effective May 12, 1949) then divorced Upshur and Wood
Counties from the 7th Judicial District and created the
115th Judicial District to be composed of said counties.
S. B. 449 did not create an office of District Attorney
for the newly created District and thereby required the
County Attorneys in Upshur and Wood Counties to perform
the duties of District Attorney in the respective coun-
ties. Article V, Section 21, of the Constitution of
Texas.

In view of the foregoing, Smith, Upshur, and
Wood Counties now come within the classification of
Subsection (b) of Section 13 of Article 3912e. The
remaining question, therefore, is whether an appropria-
tion passed by the 50th Legislature can be used to in-
clude counties that come within the classification set
out in the appropriation by virtue of an Act passed
by the 51st Legislature without reference to such ap-
propriation or the passage of additional appropriations
for such counties.

Item 11 (Acts of 50th Legislature, H. B. 244,
p. 645) provides:

"Apportionment to counties where county
officers are paid salaries and where there
is a criminal district attorney or county at-
torney performing the duties of district at-
torney. (As per subsection b, Section 13 and
Section 15, Subsection A, Chapter 465, Acts,
44th Legislature) . . . . $146,429.00."

At the time of the enactment of the appropriation of the 50th Legislature, Smith, Upshur, and Wood Counties were not eligible to an apportionment of the funds appropriated in Item 11 for said counties had a district attorney rather than a county attorney or criminal district attorney performing the duties of district attorney in the respective counties. Smith, Upshur, and Wood Counties became eligible by virtue of the passage of S. B. 448 of the 51st Legislature and are entitled to an apportionment according to the formula set out in Subsection (b) of Section 13 of Article 3912e, as amended by S. B. 6 of the 51st Legislature, provided an appropriation is available to pay the same.

The 50th Legislature in making the appropriation in Item 11 knew which counties in this State were eligible to an apportionment under Subsection (b) of Section 13 and Subsection (a) of Section 15 of Article 3912e and could therefore reasonably anticipate the amount of money needed to be appropriated for the Comptroller to carry out the apportionment based on the formula set out in those sections. The 50th Legislature did not, it is believed, anticipate actions of a subsequent Legislature. If the 50th Legislature intended to include in the appropriation of Item 11 counties which the 51st Legislature would make eligible, there would be no way for the 50th Legislature to reasonably contemplate what money would be needed by the Comptroller to make the apportionment. Therefore, it is our opinion that it was not intended to include any county in Item 11 which would be made eligible by an act of a subsequent Legislature.

You are therefore advised that Smith, Upshur, and Wood Counties are not included in Item 11 of H. B. 244, Acts of the 50th Leg., 1947, Chapter 338, page 645. Such counties are, however, eligible to an apportionment under Subsection (b) of Section 13 of Article 3912e as amended by S. B. 6 of the 51st Legislature by virtue of S. B. 448 and S. B. 449 of the 51st Legislature. Payments under such apportionment cannot be made by the Comptroller until an appropriation is made to pay the same.

### SUMMARY

Smith, Upshur, and Wood Counties are eligible to apportionment under Subsection (b) of Section 13 of Article 3912e as amended by

S. B. 6 of the 51st Legislature, and may receive payment under an apportionment when an appropriation is made to pay the same.  The Comptroller of Public Accounts, however, is not authorized to make an apportionment to those Counties out of Item 11 of H. B. 244, Acts of the 50th Leg., 1947, Chapter 338, page 645.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:bh

APPROVED

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL